UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **IFG PORT HOLDINGS, LLC** | **CIVIL ACTION NO. 2:16-cv-0146** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LAKE CHARLES HARBOR & TERMINAL DISTRICT d/b/a THE PORT OF LAKE CHARLES** | **MAG. JUDGE KATHLEEN KAY** |

## RULING (SEALED)

Pending before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. No. 484] filed by Defendant Lake Charles Harbor & Terminal District ("the Port"). The Port argues, well after trial in this matter and after having filed a Motion to Vacate the referral to Magistrate Judge Kay, that Plaintiff IFP Port Holdings, LLC ("IFG") has failed to demonstrate that the Court has subject matter jurisdiction. IFG has filed an opposition and supporting documentation [Doc. Nos. 497 & 505]. The Port has filed a reply memorandum [Doc. No. 503].

Because the Port has raised questions of subject matter jurisdiction, the Court must address those questions prior to taking any other action in this case. Federal courts are courts of limited jurisdiction and possess only the jurisdiction granted by Article III of the Constitution and conferred by statute. *Lowery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Under Title 28, Section 1332(a)(2), district courts have original jurisdiction over civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000, exclusive of interest and costs. So-called diversity jurisdiction under section 1332 requires complete diversity, meaning "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). A

corporation is a citizen of its state of incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company, limited partnership, or other unincorporated association or entity "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). With respect to a natural person, "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

The party asserting or invoking federal court subject matter jurisdiction bears the burden of proof that jurisdiction exists. *Stafford v. Mobile Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). The Court may consider subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009).

The Port argues in its motion that IFG, as an LLC, was required to and has failed to affirmatively allege the citizenship of each of its members (and their respective members as necessary). IFG has amended its original Complaint three times [Doc. Nos. 1, 98, 121, and 236] and has also filed a Motion and Incorporated Memorandum to Reaffirm Complete Diversity Jurisdiction [Doc. 349]. However, the Port contends that none of these pleadings establish complete diversity of citizenship because IFG has failed to disclose the citizenship of "each and every member of each and every LLC or other entity that has a direct or indirect ownership interest in IFG, so that IFG's citizenship can be 'traced through however many layers of partners and members there may be.'" [Doc. No. 484-1 (quoting *Stephens Prod. Co. v. Wildhorse Res. II, LLC*, Civil Action No. 15-167, 2015 WL 4406017 (W.D. La. July 17, 2015)). Therefore, the Port

2

contends that the record does not reflect that there is complete diversity between the parties and moves for dismissal for lack of subject matter jurisdiction. Alternatively, the Port argues that, if the Court is inclined to allow a fourth amendment, the Court should order IFP to amend its Complaint within a short time period to include "distinct, affirmative allegations regarding not only **its** citizenship, but the identity and citizenship of each and every member of each and every limited liability company or other entity that has a direct or indirect ownership interest in IFG, whether through a member of IFG or otherwise, as of January 29, 2016, the date the complaint was filed." [Doc. No. 484-1, pp. 2-3].

IFG responds that it has adequately pled diversity of citizenship in its initial Complaint and that it has conclusively established diversity of citizenship. Additionally, IFG argues that the Port is judicially estopped from challenging diversity of citizenship when it filed its own suit against IFG and made the same allegations to support diversity jurisdiction. Finally, IFG points out that Magistrate Judge Kay previously considered and rejected an earlier urged jurisdictional challenge. In addition to the record evidence, IFG sought and obtained leave of Court to file a long form chart of ownership interests that was provided to Magistrate Judge Kay to review in camera prior to her jurisdictional finding.

In its reply, the Port responds that it cannot waive the defense of subject matter jurisdiction and cannot be estopped from raising it. The Port further denies that Magistrate Judge Kay made a jurisdictional finding. Rather, the Port contends that she merely denied a motion to continue on the day it was filed. Finally, the Port contends that, in the event of an appeal, diversity jurisdiction must be established before the case could be heard by the United States Court of Appeals for the Fifth Circuit.

The Court finds that jurisdiction has been established. As the Port argues, IFG's initial assertion in its Complaint that it is a "New York Limited Liability Company with its principal place of business in New York," is insufficient to establish jurisdiction. [Doc. No. 484-1 (quoting [Doc. No. 1, ¶ 1]. The law requires that a limited liability company like IFG must provide the citizenship of each of its members. If those members have members of their own, IFG must provide the citizenship of those additional members as well. However, IFG has done so.

As the Port admits, in its Motion to Reaffirm, IFG provided evidence that it has two members: New Vista Holdings, LLC, a Delaware limited liability company; and Louisiana Port Holdings, LLC, a New York limited liability company. [Doc. No. 484-1, pp. 5-6; Doc. No. 349, ¶ 3]. The Port suggests that the identification of the companies as "a Delaware" or "a New York" limited liability company does not clearly provide jurisdiction because the designation could be based on the "residence" of an individual or the principal place of business of a non-corporate business entity, which is insufficient to establish jurisdiction. [Doc. No. 484-1, p. 6]. However, that suggestion ignores the rest of IFG's filings and *in camera* presentation to Magistrate Judge Kay. IFG provided the following:

- A. Appendix B [not attached] contains a short form chart of the ownership structure with an affidavit that confirms the fact that neither of the two LLCs owning IFG is a Louisiana company or has a principal place of business in Louisiana. All of Appendix B is being separately provided to both the Court and to the Defendant, the Port, under the terms of the agreed, existing protective Order, covering sensitive information regarding IFG.

- B. Appendix C [not attached] contains complete detail of the whole IFG ownership structure, as corroborated by both public and private records, and an affidavit on

same, which IFG is proposing to submit only to the Court, in camera. [Doc. No. 349, ¶ 8]. The IFG motion was also accompanied by an affidavit from CEO Kabir Ahmad [Doc. No. 350] that attested to veracity of the records and in which he further attested that "no individual owner of IFG, directly or indirectly, is a resident or citizen of the State of Louisiana" and that no "juridical entity having any ownership interest in IFG Holdings, LLC, at any level, is a resident of or has its principal place of business in Louisiana." The Port does not deny that the documents identified in Appendix B were provided to it, nor is there any evidence that the documents identified in Appendix C were not provided for Magistrate Judge Kay for her own *in camera* review.

Additionally, while these jurisdictional concerns were addressed in the Motion to Reaffirm by IFG and in the context of a Motion to Continue [Doc. No. 354], Magistrate Judge Kay is certainly aware of the importance of subject matter jurisdiction and did not ignore those concerns. In denying the motion to continue, on February 19, 2019, she specifically invited the Port to file the proper motion "immediately" if it believed "that this court lacks subject matter jurisdiction." [Doc. No. 357]. In addressing the Motion to Affirm, on March 8, 2019, almost one month later, she also stated that from the "inception of this litigation the plaintiff alleged that complete diversity exists as does the requisite amount in controversy so that this court has proper subject matter jurisdiction. Defendant has never formally denied that allegation and, to date, neither party has brought lack of subject matter jurisdiction to the attention of the court except for a brief mention of the possibility this might be an issue raised by defendant in a recent request for a continuance. Seeing no real controversy at this time on the issue of this court's jurisdiction the motion is DENIED." [Doc. No. 378]. She further reiterated that "[e]Each party, of course, has the obligation

to immediately bring to the attention of the court true evidence of a lack of jurisdiction and the court expects both parties to act accordingly." *Id.*

The Court acknowledges that Mr. Ahmad's attestation as to the residency or principal place of business of any juridical entities having any ownership interest in IFG Holdings, LLC, does not address the citizenship of any non-corporate entities. However, Mr. Ahmad has also been deposed on multiple occasions and addressed these same concerns. *See* [Doc. No. 349]. While it is indeed IFG's duty to establish diversity jurisdiction, a person with knowledge, on behalf of IFG, has done that. The Port does not cite any troubling deposition testimony in this regard.

The Court further acknowledges that some of the evidence was not initially made part of the record, but was "provided" to the Court and opposing counsel and/or for an *in camera* review. IFG has now obtained leave to provide the documentation under seal. That leave was granted. To the extent that the Port raises concerns that these documents are not part of the record available for prospective appellate review, those concerns have now been addressed. [Doc. No. 505].

None of the IFG members, or their respective members, whether juridical entities or natural persons, are citizens of Louisiana. The Port is clearly a citizen of Louisiana. Therefore, the Port's Motion to Dismiss is DENIED.

MONROE, LOUISIANA, this 5th day of January, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

6