UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LAKE CHARLES HARBOR &** **TERMINAL DISTRICT** | : | CIVIL ACTION NO. 16-cv-146 |
| **VERSUS** | : | |
| **IFG PORT HOLDINGS, LLC** | : | MAGISTRATE JUDGE KAY **(By Consent)** |

### MEMORANDUM RULING (SEALED)

Before the court are two motions filed by Defendant, Lake Charles Harbor & Terminal District ("the Port") relating to post-trial jurisdictional discovery. The first is styled Rule 59(e) Motion for New Trial or Reconsideration of Judgment Denying Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion for New Trial") (doc. 515), and the accompanying sealed memorandum (doc. 516). The Motion for New Trial requests that the court reconsider its January 5, 2021, sealed ruling denying the Port's motion to dismiss for lack of subject matter jurisdiction. The Motion for New Trial draws the court's attention to new precedent from the United States Court of Appeal for the Fifth Circuit,[1] which the Port suggests requires amendment of the Complaint to incorporate jurisdictional facts sufficient to demonstrate complete diversity as of the date the original complaint was filed on January 29, 2016.

Also before the court is Port's Motion to Request Record Ruling on Jurisdictional Discovery ("Motion for Jurisdictional Discovery"), which requests that the court order certain depositions pertaining to the citizenship of the parties, or in the alternative, that the court place in

---

[1] *Accordant Commc'ns, L.L.C. v. Sayers Constr., L.L.C.*, No. 20-50169, 2020 WL 7663821 (5th Cir. Dec. 3, 2020).

-1-

the record written reasons concerning the court's decision to deny further jurisdictional discovery. Doc. 594.

For the following reasons, the Court is satisfied that the record sufficiently establishes the complete diversity of the parties, and the Port's Motion for New Trial (doc. 515) is therefore **DENIED**. For the reasons stated herein, the Port's Motion for Jurisdictional Discovery (doc. 594) is also **DENIED** insofar as it requests leave to pursue additional jurisdictional discovery and depositions. The Port's Motion for Jurisdictional Discovery (doc. 594) is **GRANTED** insofar as it requests that the court "place on record its reasons denying the Port's request for jurisdictional discovery depositions," with this Memorandum Ruling to serve as the written reasons prayed for by the Port.

**I.**
**BACKGROUND**

The Port's Motion for New Trial (doc. 515) concerns IFG Port Holding, LLC's ("IFG's") defective pleading regarding the citizenship of the parties, for the purposes of diversity jurisdiction under 28 U.S.C. § 1332. The Port's motion raises two distinct issues: 1) whether the record contains sufficient evidence regarding the diversity of the parties at the time the suit was filed on January 29, 2016 (doc. 1), and even if so, 2) whether formal amendment is required to cure the defective pleading regarding jurisdiction.

Under 28 U.S.C § 1332(a)(1), district courts have original jurisdiction over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000, exclusive of interest and costs. "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194 (2010). There is no dispute that the Port is a citizen of Louisiana. Doc. 1, p. 1. As a limited liability company,

IFG's citizenship "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

In its original complaint IFG asserted that it is a New York LLC with its principal place of business in New York, which was insufficient to establish its citizenship as an LLC. Instead, IFG should have established the citizenship of its members. Where, as here, the member of the LLCs are themselves LLCs, the citizenship of their members must be established, and if necessary, their members' members must be established. *Stephens Prod. Co. v. Wildhorse Res. II, LLC*, No. 15-167, 2015 WL 4406017, at *1 (W.D. La. July 17, 2015) ("the citizenship of the member LLC must be traced through however many layers of partners and members there may be."). This process may involve setting forth multiple levels of members until the inquiry comes to a rest with either natural persons or incorporated entities whose citizenship is inherent and not derived from the citizenship of member entities. *Id.*; *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014, (2016) ("While humans and corporations can assert their own citizenship, other entities take the citizenship of their members.").

Since the filing of the original complaint, the court and the parties have addressed the issue of diversity jurisdiction several times.[2] Most recently, the court issued a sealed memorandum ruling and order (doc. 507, 508) addressing the Port's Motion to Dismiss for Lack of Subject Matter Jurisdiction (doc. 484). In that ruling, the court acknowledged that IFG's initial jurisdictional assertions in its Complaint were defective, but the court went on to describe materials in the record pertaining to the ownership structure of IFG, including depositions of IFG principal Kabir Ahmad, as well as other jurisdictional submissions from IFG concerning its ownership

---

[2] *See* Doc. 507, 1/5/21 Memorandum Ruling on Motion to Dismiss for Lack of Subject Matter Jurisdiction; Doc. 484 10/21/20 Motion to Dismiss for Lack of Jurisdiction; Doc. 378, 3/8/19 Electronic Order on Motion to Reaffirm Complete Diversity Jurisdiction; Doc. 357 2/19/19 Electronic Order addressing subject matter jurisdiction; Doc. 349, 2/5/19 Motion to Reaffirm Complete Diversity Jurisdiction.

structure. Doc. 507, pp. 4-6. Some of this information was provided only for *in camera* review and later filed under seal, including a chart setting forth IFG's ownership structure. Doc. 505.

In its Motion for New Trial, the Port asserts that diversity jurisdiction has been inadequately established because IFG has not alleged the citizenship of all its members and members' members. Doc. 515. In related filings, the Port sought leave to conduct limited additional discovery pertaining to the membership structure of IFG (Docs. 534, 583, 584). The Court granted limited relief, balancing the need for jurisdictional discovery with the need to resolve this matter. Docs. 546, 593. In the interim, the parties exchanged relevant documentation and correspondence, narrowing the remaining issues and submitting additional briefing on this issue. Docs. 588, 589. As a result of this information exchange and communication, IFG also placed into the record additional information. *See* Docs. 532-1, 553, att. 1, 588, 597 and 599.

## II.
### DIVERSITY JURISDICTION INQUIRY

### A. Diversity of citizenship as of the commencement of litigation

One the Port's concerns raised post-trial is that that IFG's jurisdictional submissions did not address the ownership structure of IFG at the time the litigation commenced on January 29, 2016. Doc. 516, p. 2. For the purposes of diversity jurisdiction, the court considers the citizenship of the parties as of the date litigation commenced. *Sun Packing, Inc. v. XenaCare Holdings, Inc.*, 924 F. Supp. 2d 749, 752 (S.D. Tex. 2012). IFG submissions included an affidavit from CEO Kabir Ahmad that attested in present tense to veracity of the description of IFG's ownership structure and in which he further attested that "no individual owner of IFG, directly or indirectly, *is* a resident or citizen of the State of Louisiana" and that no "juridical entity having any ownership interest in IFG Holdings, LLC, at any level, *is* a resident of or has its principal place of business in Louisiana." Doc. 350-1 (emphasis added). The Port expressed concern that the IFG

submissions were inadequate to establish diversity of citizenship as of the date litigation commenced. Doc. 516, p. 2.

Considering the record submissions regarding jurisdiction, discussed below, the court remains satisfied that the parties are of diverse citizenship and were of diverse citizenship when this litigation commenced in 2016 for the reasons otherwise set forth in this court's Memorandum Ruling on the Port's Motion to Dismiss for Lack of Jurisdiction. Doc. 507. The sealed chart describing the ownership structure of IFG (doc. 505) expressly addressed the period from 2013-2018, during which period one of the member entities of IFG was a portfolio company of another limited partnership. In addition, following hearing on this matter, IFG submitted an additional affidavit of Kabir Ahmad, clarifying that the "chart that was attached to the Motion to Seal and is sealed at Doc. 505 shows the ownership structure of IFG Port Holdings LLC as of January 29, 2016. The chart is true and accurate." Doc. 532-1.

### B. Citizenship of IFG's members' members

In its Motion for New Trial, the Port also raised concerns post-trial that IFG had provided inadequate proof of the membership of each of the entities and individuals in its membership structure. Doc. 516. Specifically, the Port argued that chart describing the ownership structure of IFG (doc. 505) provided the court an inadequate basis to verify the citizenship of each of the individuals and entities in the ownership structure, and a primary reason for the Port's post-trial jurisdictional discovery was to definitively establish each of these details. Doc. 534, att. 1. The court finds that the citizenship of IFG has been adequately established, making the following findings regarding is membership structure:

### *1. IFG's sole members were New Vista Holding LLC and Louisiana Port Holdings LLC.*

As of the commencement of litigation the sole members of IFG were New Vista Holding LLC and Louisiana Port Holdings LLC. The membership chart (doc. 505) shows these entities as the only two members of IFG, and IFG's registered agent Kabir Ahmad (doc. 553, att. 1, p. 7) attests to the accuracy of the chart. Doc. 532-1. Because the member entities are unincorporated associations, their citizenship is derived from their members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

### *2. Louisiana Port Holdings LLC & IFG Fund, L.P.*

When litigation commenced in 2016, one of IFG's two members was Louisiana Port Holdings, LLC. At all relevant times, Louisiana Port Holdings LLC was a portfolio corporation of IFG Fund, L.P., which had a New York corporation as its general partner and four unincorporated associations as its limited partners, according to the membership chart. Doc. 505 & Doc. 532-1 (Ahmad Affidavit). Collectively, the members of the four limited partners are a New York Corporation and six natural persons, all of whom are residents/citizens of New York, Arizona, or California.[3]

    a. <u>IFG General Partner, Ltd.</u>

When litigation commenced in 2016, IFG Fund, L.P.'s general partner was IFG General Partner, Ltd. Doc. 505 & Doc. 532-1 (Ahmad Affidavit). In addition to being established by the IFG membership chart and associated affidavit, this fact is reflected in the Certificate of Limited Partnership of IFG Fund, L.P. Doc. 553, att. 1, p. 58.

---

[3] "The limited partners of IFG Fund, L.P. between 2013 and 2018 were solely Kabir Capital LLC, Lalani Lalani Holdings LLC, Western Financial Investments LP, and Cobham Capital LLC." Doc. 505.

As a corporation, the citizenship of IFG General Partner, Ltd. is determined by its state of incorporation and the state where it has its principal place of business, usually a headquarters that functions as the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192, (2010). The Certificate of Incorporation of IFG General Partner, Ltd. shows that it is a corporation organized under the laws of New York, and that the "office of the corporation in the State of New York is to be located in the County of New York." Doc. 553, att. 1, p. 61. The court therefore finds that IFG General Partner, Ltd. is a citizen of New York.

  b. Kabir Capital, LLC

When litigation commenced in 2016, one of IFG Fund L.P.'s four limited partners was Kabir Captial, LLC. Doc. 505 & Doc. 532-1 (Ahmad Affidavit). As an unincorporated association, the citizenship of Kabir Capital, LLC is derived from its members. *Harvey*, 542 F.3d at 1080. Record evidence shows that the members of Kabir Capital, LLC are Kabir Ahmad, a natural person, and Railway Host Continental, Inc., a New York Corporation. Doc. 505 & Doc. 532-1 (Ahmad Affidavit). As a natural person, Ahmad's citizenship is determined by his place of domicile. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Record evidence shows that Mr. Ahmad is a resident and citizen of New York (doc. 505 & doc. 532-1 (Ahmad Affidavit)), and that he has a New York driver's license. Doc. 553, att. 1, p. 27. The court therefore finds that Mr. Ahmad is a New York domiciliary. As a corporation, the citizenship of Railway Host Continental, Inc., is determined by its state of incorporation and its principal place of business. *Hertz Corp.*, 130 S. Ct. at 1192. Record evidence shows it to a New York Corporation with an office in the County of Queens in the state of New York. Doc. 553, att. 1, p. 30 (Certificate of Incorporation of Railway Host Continental, Inc.). The court therefore finds that Kabir Capital, LLC is a citizen of New York.

  c. <u>Lalani Holdings LLC & Western Financial Investments LP</u>

When litigation commenced in 2016, two of IFG Fund L.P.'s four limited partners were Lalani Holdings LLC and Western Financial Investments, LP (f/k/a Lalani Family Limited Partnership)[4]  Doc. 505 & Doc. 532-1 (Ahmad Affidavit).  As unincorporated associations, the citizenship of Lalani Holdings LLC and Western Financial Investments, LP are derived from their members.  *Harvey*, 542 F.3d at 1080.  Record evidence shows that the members of Lalani Holdings LLC and Western Financial Investments, LP as of the commencement of litigation were Abdul Lalani, Faisal Lalani, Anita Lalani, and Talat Lanani.  Doc. 505 & Doc. 532-1 (Ahmad Affidavit); *see also* Doc. 553, att. 1, p. 32 (amendment to Articles of Organization reflecting name change to Lalani Holdings, LLC and appointment of Faisal and Anita Lalani as its members).  The Lalanis are natural persons, and as such their citizenship is determined by their place of domicile.  *Coury*, 85 F.3d at 248.  Abdul and Talat Lalani submitted affidavits indicating that, as of the date litigation commenced, they were domiciled in Arizona.  Doc. 597, att. 4, pp. 1-2.  Anita and Faisal Lalani submitted affidavits indicating that, as of the date litigation commenced, they were domiciled in California.  Doc. 597, att. 4, pp. 5-7.  The court therefore finds that Lalani Holdings LLC and Western Financial Investments, LP are citizens of California and Arizona.

  d. <u>Cobham Capital LLC</u>

When litigation commenced in 2016, the last of IFG Fund L.P.'s four limited partners was Cobham Capital LLC.  Doc. 505 & Doc. 532-1 (Ahmad Affidavit).  As an unincorporated association, the citizenship of Cobham Capital LLC is derived from its members.  *Harvey*, 542 F.3d at 1080.  Record evidence shows that the sole member of Cobham Capital LLC is Naviad

---

[4] Among IFG's in camera submissions were the Limited Partnership Agreement of Lalani Family LP and a Certificate of Amendment showing the name change to Western Financial Investments LP.  The court notes that the Agreement names Abdul and Talat Lalani as general partners and Anita and Faisal Lalani as limited partners.

Alam. Doc. 505 & Doc. 532-1 (Ahmad Affidavit). As a natural person, the citizenship of Naviad Alam is determined by his domicile. *Coury*, 85 F.3d at 248. Record evidence shows that Mr. Alam was born in the United Kingdom, but that as of 2016, he was a United States citizen holding a passport issued by the United States. Doc. 553, att. 1, p. 55-56 (copies of 2016 U.S. passport and 2015 California driver's license). He submitted an affidavit attesting that as of the commencement of litigation, he was permanently domiciled in California and was not domiciled abroad. Doc. 597, att. 4, p. 3-4. Based on this evidence, the court determines that Naviad Alam was a citizen of California at all relevant times.

### 3. *New Vista Holding LLC, Grain Holdings Ltd., and Louisiana Investments Ltd.*

When litigation commenced in 2016, IFG's other member was New Vista Holding, LLC. Doc. 505 & Doc. 532-1 (Ahmad Affidavit). As an unincorporated association, the citizenship of New Vista Holding, LLC is derived from its members. *Harvey*, 542 F.3d at 1080. The sole members of New Vista Holding, LLC were Louisiana Investments, Ltd. and Grain Holdings, Ltd. Doc. 505 & Doc. 532-1 (Ahmad Affidavit). Both Louisiana Investments, Ltd. and Grain Holdings, Ltd. are corporations organized under the laws of the Cayman Islands. Doc. 599, att. 1 (Jaffer Affidavit); *see also* Certificate of Incorporation for Grain Holdings Limited (doc. 553, att. 1, p. 12); Certificate of Incorporation for Louisiana Investments Limited (doc. 553, att. 1, p. 11).

As corporations, the citizenship of Grain Holdings Ltd. and Louisiana Investments Ltd. is determined by their place of incorporation and the place where they maintain their principal places of business, usually a headquarters that functions as the corporation's "nerve center." 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010); *see also, Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 399-00 (7th Cir. 1986) (addressing the citizenship of Balicar, a corporation organized under the laws of the Cayman Islands). According to the affidavit of

Mujtaba M. Jaffer, one of the two owner/managers of Grain Holdings Ltd. and Louisiana Investments Ltd., the corporations are "holding companies, which produce no products, conduct no research, with no sales, and no employees." Doc. 599, att. 1 (Jaffer Affidavit). Mr. Jaffer attests that, as of January 29, 2016, the principal place of business and headquarters of both corporations was "Grain House, Beira Road, Shimanzi, Mombasa, Kenya, where all the Corporations' activities were managed." *Id.* The court therefore finds that Grain Holdings Ltd. and Louisiana Investments Ltd. are citizens of the Cayman Islands and Kenya.

Having reviewed all of the submissions by the parties, the court makes the findings above and reiterates the court's conclusion that, "[n]one of the IFG members, or their respective members, whether juridical entities or natural persons, are citizens of Louisiana. The Port is clearly a citizen of Louisiana." Doc. 507, p. 6. Based on the record evidence discussed above, the court finds that, for the purposes of determining diversity jurisdiction, IFG is a citizen of Arizona, New York, California, Kenya, and the Cayman Islands.

### III.
#### JURISDICTIONAL DEPOSITIONS

Following trial of this matter, the Port moved to conduct limited jurisdictional discovery to include discovery concerning the principal places of business of entities in IFG's membership structure. Doc. 583. The court granted leave to conduct additional jurisdictional discovery as to the principal places of business of the Cayman Corporations and to allow submissions as to the domicile of the natural persons in the IFG ownership structure. Doc. 593, p. 4-5. The court also instructed the parties that "the parties are to contact the court if they are unable to agree on how to how to accomplish this within the time allotted."

In compliance with that Order (doc. 593), the Port noticed depositions of two Cayman Islands' corporations, Louisiana Investments Limited and Grain Holdings Limited for

jurisdictional discovery purposes.  IFG protested the necessity of these depositions, instead providing the Port and the court with an affidavit of Mujtaba Jaffer asserting the location of the principal place of business of the two corporations. *See* Doc. 599, att. 1.  Because the two parties differed as to how to accomplish the Court's discovery Order (doc. 593), IFG's counsel notified the Court of the disagreement.  The court informally resolved the dispute via email, finding the affidavit sufficient to establish the PPB of each corporation, and instructed the Port to file a separate motion regarding the depositions if the Port was so inclined, so that the court's conclusions could be on the record.  The Port's Motion for Jurisdictional Discovery (doc. 594) resulted.

The court concludes that additional jurisdictional depositions are not necessary because the citizenship of the parties has been adequately established by record submissions supported by sworn affidavits, as discussed herein.  A sworn affidavit from a person with knowledge is sufficient to carry the burden of showing that all the members of an unincorporated party are diverse from the opposing party. *Rappaport v. State Farm Lloyds*, No. 3:97-CV-2747, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (holding that an affidavit attesting to the citizenship of certain underwriters is sufficient to support diversity jurisdiction).  Having reviewed the record evidence and made the foregoing findings, the court concludes that there is no further need for jurisdictional discovery.  Accordingly, the Port's Motion for Jurisdictional Discovery (doc. 594) is **DENIED** insofar as it requests leave to pursue additional jurisdictional discovery and depositions.

## IV.
### NECESSITY OF FORMAL AMENDMENT

Finally, the court addresses the Port's request that IFG be ordered to amend its pleadings complaint to set forth complete jurisdictional allegations.  To state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the

court already has jurisdiction and the claim needs no new jurisdictional support." FED. R. CIV. P. 8(a)(1). "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. There is no question that IFG's formal pleadings regarding jurisdiction are defective. But the issue of diversity has previously come before the court, and the court has been satisfied that the record contains sufficient information regarding the citizenship of the parties to support a finding of federal jurisdiction. Doc. 507.

The question raised by IFG's brief, and by the interaction of Rule 8 and section 1653, is whether a plaintiff *must* amend to cure defective allegations of jurisdiction. According to Wright and Miller, such amendment is not strictly necessary:

> [T]he absence of a complete allegation of jurisdiction does not even require amendment of the complaint when the district judge readily can recognize the existence of a federal question or diversity of citizenship and the requisite amount in controversy.

5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1214 (4th ed.).

Decades ago, the United States Supreme Court issued reasoning in accord with the above-quoted conclusion. In *Willingham v. Morgan*, the United States Supreme Court considered a removal petition alleging federal question jurisdiction, where the only facts in the record supporting federal jurisdiction appeared in affidavits in support of defendants' motion for summary judgment. 89 S. Ct. 1813, 1816 (1969), *abrogated on other grounds in Osborn v. Haley*, 127 S. Ct. 881, 886 (2007). The Court held that the rules requiring a "short plain statement" supporting federal jurisdiction should "be tailored to fit the facts of each case," and that the facts in the record supported federal jurisdiction, even if the removal petition did not expressly do so. *Id.* at 1817. A more recent case in this Circuit likewise found that a defective allegation of citizenship may be cured by post-petition submissions, not necessarily formal amendment. *See, e.g.*, *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807 (W.D. Tex. 2008) (holding

that "[a] court may consider information contained in an affidavit filed subsequent to the notice of removal to determine whether there is an adequate basis for removal" where the removing party did not affirmatively allege the citizenship of each partner of a limited partnership); *see also Sun Packing, Inc. v. XenaCare Holdings, Inc.*, 924 F. Supp. 2d 749, 751 (S.D. Tex. 2012) (Lack of subject matter jurisdiction may be found using (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.")

On the other hand, an even earlier decision from the United States Court of Appeals, Fifth Circuit used language suggesting that formal amendment to cure defective jurisdictional allegations is necessary:

> The theory seems to be that 'if jurisdiction actually existed from the facts at the time when the complaint was filed, even though not properly pleaded, the formal defect in the pleadings did not deprive the Court of jurisdiction at the time when the action was filed, if such defect was later corrected.'

*Kaufman v. W. U. Tel. Co.*, 224 F.2d 723, 725 (5th Cir. 1955). In that case, the court considered defective allegations of citizenship and reasoned that plaintiff is "in all probability" a citizen of Texas based on his allegation of residency, and that, "[w]e are confident that the Western Union Telegraph Company is not incorporated under the laws of Texas." *Id.* (citing the Encyclopedia Britannica). Ultimately, because the jurisdictional question had been raised *sua sponte*, the court ordered the appropriate amendment under 28 U.S.C. § 1653, "so that there may be no mistake about jurisdiction." *Id.*

In the recent Fifth Circuit decision cited by the Port in its Motion for New Trial (doc. 515), *Accordant Commc'ns, L.L.C. v. Sayers Constr., L.L.C.*, No. 20-50169, 2020 WL 7663821 (5th Cir. Dec. 3, 2020), the Fifth Circuit considered the entire record on appeal and found that "jurisdiction

is not clear from the record, but there is some reason to believe that jurisdiction exists" and therefore remanded to the district court for "'amendment of the allegations and for the record to be supplemented,' if necessary." *Id.* at *3 (quoting *MidCap Media Finance, L.L.C.*, 929 F.3d 310, 316 (5th Cir. 2019).

We find that *Kaufmann* and *Accordant* are not inconsistent with *Willingham* and *Molina*. In the former cases, the courts were satisfied on the question of jurisdiction after reviewing summary-judgment style evidence and did not require formal amendment to cure defective jurisdictional pleading; in the latter cases, the court ordered formal amendment because the record contained some but not enough evidence to put the jurisdictional question to rest. Having reviewed summary-judgment style evidence supporting the jurisdictional allegations, the again concludes that the parties are of diverse citizenship.

## V.
### CONCLUSION

For the foregoing reasons, the court remains satisfied that the parties are of diverse citizenship and that this court has subject matter jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332. This being the case, no further jurisdictional discovery is warranted. For the foregoing reasons, the Port's Motion for New Trial (doc. 515) is **DENIED**, and the Port's Motion for Jurisdictional Discovery (doc. 594) is also **DENIED** insofar as it requests leave to pursue additional jurisdictional discovery and depositions. The Port's Motion for Jurisdictional Discovery (doc. 594) is **GRANTED** insofar as it requests that the court "place on record its reasons denying the Port's request for jurisdictional discovery depositions," and the court considers itself to have done so.

THUS DONE AND SIGNED in Chambers this 25th day of October, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE