UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **IFG PORT HOLDINGS, LLC** | **:** | **CIVIL ACTION NO. 16-cv-146** |
| **VERSUS** | **:** | |
| **LAKE CHARLES HARBOR & TERMINAL DISTRICT** | **:** | **MAGISTRATE JUDGE KAY**<br>(By Consent) |

## ORDER

In a previous ruling in this matter, the court found that formal amendment of the complaint to cure defects in jurisdictional pleading is not necessary when record evidence establishes that the parties are of diverse citizenship for the purposes of diversity jurisdiction 28 U.S.C. § 1332(a). Doc. 602.  Since then, the United States Court of Appeals, Fifth Circuit issued a ruling in which the court, without remanding the matter, ordered amendment of the complaint to cure defective jurisdictional allegations, even though the court "conclude[d] that a substantial likelihood of diversity was supported by the record."  *Seguin v. Remington Arms Co., L.L.C.*, No. 17-30499, 2022 WL 59200, at *3 (5th Cir. Jan. 6, 2022).  We interpret this ruling as suggesting that the court should order formal amendment of the complaint to cure defective allegations, even when the court is satisfied that the parties are completely diverse.  This being the case,

IT IS HEREBY ORDERED that Plaintiff IFG Port Holdings, LLC file an amended complaint on or before March 9, 2022, to properly assert the diverse citizenship of the parties.

THUS DONE AND SIGNED in Chambers this 2nd day of March, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE