IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **IFG PORT HOLDINGS LLC** | **CIVIL ACTION NO. 2:16-cv-00146** |
| **VERSUS** | |
| **LAKE CHARLES HARBOR & TERMINAL DISTRICT D/B/A PORT OF LAKE CHARLES** | **DISTRICT JUDGE TRUNCALE** |

## MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S MOTION FOR LEAVE TO TAKE DISCOVERY REGARDING PLAINTIFF'S AGREEMENT(S) WITH LEGALIST FUND II, LP

**NOW INTO COURT,** through the undersigned counsel, comes the plaintiff, IFG Port Holdings LLC ("IFG"), and files the following Memorandum in Opposition to the Motion of Lake Charles Harbor & Terminal District d/b/a Port of Lake Charles (the "Port") for leave to take discovery.  This latest motion (Doc. 669, the "Motion") is yet another unmeritorious salvo in the Port's attempts to delay its substantial (and growing) liability in this case.  Because the transaction between IFG and Legalist did not involve the sale of a litigious right, and because any attempt by the Port to redeem any purportedly sold right would be untimely, the Port's motion must be denied.  The Motion also must be denied for the Port's failure to meet and confer with IFG prior to filing, in contravention of rules governing discovery motions.

**PRELIMINARY STATEMENT**

Once again, the Port has purportedly conducted some sort of investigation into IFG and seeks to limit or, at best, delay its liability to IFG. The Port claims in its latest motion seeking discovery that it supposedly "became aware of additional information not previously disclosed by IFG." (Doc. 669-1, "Mem." at 2.) The Port points to the publicly filed lien reflecting a financing agreement between Legalist Fund II, L.P. ("Legalist") and IFG and tries to concoct some nefarious purpose around a simple financing transaction. However, as is clear from the UCC lien forming the basis of the Port's motion, IFG did not sell or assign any right to any cause of action in this litigation. Moreover, the Motion is procedurally deficient and, because the Motion would have easily been rendered unnecessary if the Port would have met and conferred with IFG prior to filing, as it is required to do, the Motion should be denied and the Port should be sanctioned.

**I.    LEGAL STANDARD**

"It is well settled that most litigious rights can be assigned, transferred, or inherited[.]" *Ochoa v. Aldrete*, 21-632 (La. App. 5 Cir. 12/8/21), 335 So. 3d 957, 964 (citing La. C.C. art. 2652). "The law is clear that a litigious right, a cause of action which is the subject of pending litigation, is transferable by assignment pursuant to Louisiana Civil Code article 2652." *Williams v. Buck Kreihs Marine Repair, LLC*, 2021-0001 (La. App. 4 Cir. 2/24/21), 314 So. 3d 1040, 1045 (quoting *King v. Illinois Nat. Ins. Co.*, 08-1491, p. 7 (La. 4/3/09), 9 So. 3d 780, 785). "A right transferred after suit is instituted and an answer filed thereto, and before the judgment therein is final, is a litigious right, since there is a suit and contestation thereon." *Nationstar Mortg., LLC v. Unopened Succession of Michael Frederick Kehoe*, 2021-0192 (La. App. 1 Cir. 11/1/21), *writ denied sub nom. Nationstar Mortg., LLC v. Kehoe*, 2021-01785 (La. 1/26/22), 332 So. 3d 83

(citing *Regions Bank*, 2018 WL 2454472, at *3 (unpublished)); *see also Martin Energy Co. v. Bourne*, 598 So. 2d 1160, 1162 (La. App. 1 Cir. 1992).

However, a sale is a necessary element to a claim for redemption under Article 2653. Comment (d) to Article 2652 provides "[t]his Article is inapplicable to transactions that do not, in fact, [constitute] a sale, such as pignorative contracts." *Mack Energy Co. v. Red Stick Energy, LLC*, No. CV 16-1696, 2019 WL 4254485, at *4 (W.D. La. Sept. 6, 2019) (internal citations omitted). Louisiana Civil Code article 2439 defines a sale as "a contract whereby a person transfers ownership of a thing to another for a price in money." *Id.* In contrast, a "pignorative contract" is one conferring a security interest, not a transfer of property. *See Matter of Dibert, Bancroft & Ross Co., Ltd.*, 117 F.3d 160, 176 n.45 (5th Cir. 1997); *see also Marbury v. Colbert*, 105 La. 467, 29 So. 871, 872 (1901) (holding that "redeemable sales of immovable property, unaccompanied by delivery of the thing sold, will be considered, as between the parties, in the absence of evidence to the contrary, as mere contracts of security"); *Latiolais v. Breaux*, 154 La. 1006, 98 So. 620, 621 (La. 1923)("[T]he one test by which to determine whether a contract evidences a real sale with a right of redemption [capable of transferring title], or a mere contract of security, . . . is whether the purchaser has gone into actual possession.").

## II.  DISCUSSION

Notably, "[t]he purpose of litigious redemption is to discourage unnecessary litigation." *Mack Energy Co. v. Red Stick Energy, LLC*, No. CV 16-1696, 2019 WL 2060948, at *5 (W.D. La. Apr. 3, 2019) (internal citation omitted). However, as has become typical in this case, the Port is using this inapplicable precept of law to pile even more unnecessary litigation onto the Court.

### A. The Legalist Agreement Does Not Constitute a Sale of a Litigious Right

The Legalist Agreement serves as a quintessential "pignorative" contract between IFG and Legalist. That is, certain of IFG's assets—specifically IFG's anticipated recovery from the judgment in this litigation—are used in the agreement to secure funding provided by Legalist. There was no sale, and Legalist did not obtain any litigious rights to the litigation. insert The affidavits of counsel to IFG and Kabir Ahmad, President and Chief Financial Officer to IFG attached at Exhibit A and B speak for themselves, settles the question raised by the Port and discovery is not necessary. This is "patently obvious from the provisions of the recorded instrument," *Matter of Dibert, Bancroft & Ross Co., Ltd.*, 117 F.3d 160, 176-77 (5th Cir. 1997) since a lien by definition is an instrument reflecting a security interest and not a sale. The Legalist Agreement *see Mack Energy Co. v. Red Stick Energy, LLC*, No. CV 16-1696, 2019 WL 4254485, at *4 (W.D. La. Sept. 6, 2019), entered into by IFG provides only a security interest, does not covey a cause of action or any right that could be considered a litigious right. The Port has no basis to seek redemption of a right nor to obtain any discovery on this topic pursuant to Louisiana Civil Code article 2652 or otherwise.

### B. The Port's Motion is Untimely

Though this is not an assignment of a litigious right, the Port's redemption request is also not timely. As the Port itself notes in its papers, the right to redeem a litigious right must be exercised "promptly." Mem. at 3-4[1]; *see Clement v. Sneed Brothers*, 116 So. 2d 269, 271 (1959). In *Charrier v. Bell*, the Louisiana First Circuit Court of Appeal held that the filing of a motion for litigious redemption was not timely because six months had passed since the movant had knowledge of the sale of a litigious right. 380 So. 2d 155, 156 (La. Ct. App. 1979). Similarly, in

---

[1] Indeed, the only caselaw appearing in the Port's Memorandum is in its lengthy footnote concerning courts' interpretations of the "promptly" requirement. Mem. at 3 n.1.

4

*A. M. & J. Solari, Ltd. v. Fitzgerald*, the Louisiana Fourth Circuit Court of Appeal held the same when eleven (11) months had passed since the movant had knowledge of the sale of a litigious right. 150 So. 2d 896, 897 (La. Ct. App. 1963). *See BY Equities, LLC v. Carver Theater Prods., LLC*, No. CV 20-1290, 2020 WL 6779699, at *2 (E.D. La. Nov. 18, 2020).

Here, the Port claims it needs discovery to ascertain whether any attempt to redeem a sale of a litigious right would be untimely. The undisputed facts, however, show that the Port's making any move on the transaction is not sufficiently "prompt." As indicated in Kabir Ahmad's sworn statement, IFG and Legalist entered into the transaction on September 30, 2021 . The transaction provided Legalist with a lien that was publicly filed on or before December 10, 2021.[2] IFG was and is under no obligation to report this agreement to the Port, and the Port's failure to look up the public lien is not an excuse for its untimeliness now, filing its motion almost two years following the filing of the lien. For its lack of promptness alone, the Port's motion for discovery should be denied.

## C. No Discovery is Warranted

The Port has repeatedly sought extensive discovery where none was warranted.[3] The Fifth Circuit even recognized that the Port's demand for further jurisdictional discovery amounted to a fishing expedition. *See* Slip Op. at 10 ("This court has rejected litigants' attempts to conduct 'jurisdictional fishing expedition[s]', and we reject the Port's attempt to do so here.") (internal citation omitted). It was not enough for the Port to challenge the integrity of the Court in seeking to vacate a full and knowing referral to the Magistrate Judge, the Port now claims that

---

[2] Though the Port states that it was attaching the UCC financing statement as an exhibit to its Memorandum, no such exhibit appears to have been filed. The UCC financing statement can be found attached to the Kabir Aff. at Exhibit A.

[3] The Port filed numerous motions seeking jurisdictional discovery (*see* Docs. 534, 583) and sought post-judgment discovery concerning its rejected desire to reopen a trial on damages (*see* Doc. 492).

discovery into IFG's transaction with Legalist could somehow produce information relevant to the narrow inquiry dictated by the Fifth Circuit's opinion, without citing any authority nor providing any explanation. *See* Mem. at 4. The Fifth Circuit did not open the floodgates for the Port to engage in boundless discovery and the Port is not entitled to engage in a fishing expedition here, and while it might want to engage in one to question the intent of the IFG and/or Legalist in entering a financing transaction,[4] it provides absolutely no citations or support for its baseless inquiry.

Nevertheless, the affidavits submitted herewith speak for themselves and obviate any need for the extensive discovery the Port seeks. The transaction between IFG and Legalist is not sale of a litigious right, no purported rights of the Port are implicated in the transaction, and there is no plausible way that any further discovery into the transaction would illuminate anything relevant to the coming evidentiary hearing.

### III.   THE MOTION IS PROCEDURALLY DEFICIENT

The Port failed to adhere to this Court's Local Rules and the Federal Rules of Civil Procedure (the "Federal Rules") in filing the Motion because the Port did not seek to meet and confer with IFG, a step that should have persuaded the Port that its Motion lacked any merit. Moreover, as detailed above, the Motion is entirely frivolous, designed to harass, cause unnecessary delay, and additional legal expense in the remaining proceedings at this eleventh hour. Therefore, the Port should be subject to sanctions.

---

[4] *See* Mem. at 3 (demanding discovery to explore "if Legalist structured the transaction in a way to avoid the strong Louisiana public policy involving litigious rights and whether such a structure should be voided or disregarded so as to be seen as a sale or assignment of litigious rights"). The Port provides no citations to support any conclusion that an agreement could be "disregarded" or even to support its contention that there is a "strong Louisiana public policy involving litigious rights" nor clarify what that policy is, especially in light of Louisiana Civil Code Article 2642 which explicitly provides that "all rights may be assigned, with the exception of those pertaining to obligations that are strictly personal."

This Court's Local Rule 37.1 governs discovery motions and states:

> No motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice. . . .  If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper.

LR 37.1.  And the Federal Rules provide that a motion to compel disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

The Port did not reach out to IFG prior to filing, and the Motion contains no certification that the Port attempted to confer with IFG about this issue.  If it had done so, it would have learned the details concerning the nature and structure of the Legalist Agreement that are provided in the attached affidavit, namely that it clearly does not involve a transfer or sale of a litigious right.  The Port further would have learned that IFG's counsel, Eric LaFleur, handled the Legalist Transaction for IFG and could have explained the structure of the transaction, before causing IFG to expend attorney time and money, and causing the Court to address the baseless Motion.  In short, had the Port adhered to its requirements under the Local Rules and Federal Rules, this Motion should have been unnecessary.

The Port's failure to adhere to the rules governing discovery serves as an independent basis to deny the Port's Motion.  *See Johnson v. Coca-Cola Enterprises, Inc.*, No. CIV.A. 3:05-1479, 2006 WL 1581218, at *2 (W.D. La. June 6, 2006) (denying plaintiff's motion to compel discovery for failure to seek a telephonic or in-person meet and confer prior to filing). "Plaintiff's failure to engage in a meet and confer and provide a proper Rule 37 certification,

much less comply with this Court's specific requirements for same, before filing these motions is sufficient reason in itself to deny same." *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. CV 22-2398, 2023 WL 2185981, at *3 (E.D. La. Feb. 23, 2023). "Indeed, courts routinely deny discovery motions for failure to comply with Rule 37(a)(1)." *Id*. (citing cases).

The source of the court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R., 370 U.S. 626, 630-631 (1962). See also Brockton Sav. Bank v. Peat, Marwick, Mtichell & Co., 771 F.2d 5, 11 (1st Cir. 1985), cert. denied, 475 U.S. 1018 (1986). The Port should face sanctions for this Motion. "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C.A. § 1927. Section 1927 "permits the award of sanctions for discovery abuse." *Facility Mgmt. of Louisiana v. Am. Sign & Indicator Corp.*, No. CIV. A. 91-0609, 1992 WL 365340, at *3 (E.D. La. Nov. 19, 1992), aff'd, 998 F.2d 1014 (5th Cir. 1993). "The manner in which litigation is conducted may needlessly multiply proceedings and may be considered in awarding sanctions, as may abusive discovery tactics." *Id.* (citing *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991).[5] In *Larkin v. U.S. Department of Navy*, No. CIV.A. 01-0527, 2002 WL 31427319 (E.D. La. Oct. 25, 2002), the court ordered defendant to pay

---

[5] The Federal Rules also speak to payment of costs and fees for unjustified discovery motions. Federal Rule 37 provides:

> If [a discovery motion] is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(B).

8

plaintiff's costs and fees expended in connection with opposing a discovery motion because that "motion was filed without good cause and was not substantially justified." 2002 WL 31427319, at *3.

Here, the Port's failure to adhere to the requirements of the Local Rules and Federal Rules, causing IFG and the Court to expend time and resources in responding to its unjustified Motion, is grounds for sanctions. Moreover, the Port's repeated and unsupported demands for discovery largely amount to dilatory fishing expeditions, *see* Fifth Cir. Slip Op. at 10, conduct that should not be countenanced. Therefore, IFG requests that the Court order the Port to pay IFG's costs and expenses in connection with the Motion.[6]

\* \* \*

For the reasons stated herein, IFG asks the Court to deny the Port's Motion; sanction the Port for failing to adhere to the Local Rules and Federal Rules in filing the Motion; and provide any further relief deemed just.

Respectfully submitted,

LAFLEUR & LABORDE, L.L.C.

/s/Eric LaFleur
K. Eric LaFleur (#20910)
Stephanie B. Laborde (#20908)
James K. Irvin (#07166)
LaFleur & Laborde, LLC
612 Andrew Higgins Blvd., Ste. 1001
New Orleans, LA 70130
Phone: (504) 946-9181
Fax: (800) 983-3565
elafleur@lalalawfirm.com
slaborde@lalalawfirm.com
jirvin@lalalawfirm.com

and

---

[6]

                MAHTOOK & LAFLEUR, L.L.C.

                <u>/s/Kay A. Theunissen</u>
                Kay A. Theunissen (#17448)
                Charles Mouton (#17721)
                Mahtook & LaFleur, LLC
                600 Jefferson Street, 10th Floor
                Lafayette, LA 70501
                Phone: (337) 266-2189
                Fax: (337) 266-2303
                ktheunissen@mandllaw.com
                cmouton@mandllaw.com

                *Attorneys for IFG Port Holdings LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this **November 22, 2023**, a true and correct copy of the above and foregoing instrument was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record participating in CM/ECF by operation of the court's electronic filing system.

LAFLEUR & LABORDE, LLC

/s/Eric LaFleur
K. Eric LaFleur (#20910)
Stephanie B. Laborde (#20908)
James K. Irvin (#07166)
LaFleur & Laborde, LLC
612 Andrew Higgins Blvd., Ste. 1001
New Orleans, LA 70130
Phone: (504) 946-9181
Fax: (800) 983-3565
elafleur@lalalawfirm.com
slaborde@lalalawfirm.com
jirvin@lalalawfirm.com

and

MAHTOOK & LAFLEUR, L.L.C.
/s/Kay A. Theunissen
Kay A. Theunissen (#17448)
Mahtook & LaFleur, LLC
600 Jefferson Street, 10th Floor
Lafayette, LA 70501
Phone: (337) 266-2189
Fax: (337) 266-2303
ktheunissen@mandllaw.com

*Attorneys for IFG Port Holdings LLC*