**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | |
|---|---|
| IFG PORT HOLDINGS LLC.<br>*Plaintiff*,<br><br>*versus*<br><br>LAKE CHARLES HARBOR &<br>TERMINAL DISTRICT d/b/a THE<br>PORT OF LAKE CHARLES<br>*Defendant*. | §<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 2:16-CV-146<br>§<br>§<br>§<br>§ |

**Order on Motions to Quash (docs. #683, #694, #711), Motions to
Compel (docs. #690, #691, #696, #700), and Motion to Expedite (doc. #710)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred these motions (docs. #683, #690, #691, #694, #696, #700, #710, #711) to the undersigned for consideration and disposition. (Docs. #685, #689, #695, #699, #707, #712.)  Following a review of the relevant briefing and an *in camera* review of the documents on the parties' privilege log, the undersigned held a hearing on these motions and ruled from the bench on February 2, 2024.  In accordance with those rulings, these motions are granted, in part, and denied, in part, as follows.

    **I.    Background**

This diversity case is a commercial contract dispute between the parties.  After a twenty-day bench trial before Magistrate Judge Kay, Defendant Lake Charles Harbor & Terminal District ("the Port") was ordered to pay IFG over $120 million in damages.  The Port then filed a motion to vacate the referral to the magistrate judge because it allegedly discovered that Magistrate Judge Kay and IFP's counsel have a very close friendship beyond what was previously disclosed.  The court denied this motion and the Port appealed to the Fifth Circuit.  The Fifth Circuit vacated the

district court's denial of the motion and remanded the case. The Fifth Circuit tasked the court[1] to determine the following facts:

(1) The extent and nature of Magistrate Judge Kay's friendship with Monk and his family;

(2) What information about these relationships Magistrate Judge Kay disclosed to the parties and when these disclosures occurred;

(3) What precise steps the Port took upon its first discovery that a longstanding friendship existed, *i.e.*, what comprised its "investigation"; and

(4) When the Port first knew that Magistrate Judge Kay's relationship to Monk extended beyond her employment of Monk's daughter as her law clerk.

(Doc. #668 at 31.)

## II.     Documents on the Privilege Logs

The Federal Rule of Evidence 501 requires a court sitting in diversity to apply privileges according to forum state law. FED. R. EVID. 501; *In re Avantel, S.A.*, 343 F.3d 311, 323 (5th Cir. 2003) (collecting cases). The Louisiana attorney-client privilege is codified in the Louisiana Code of Evidence. LA. CODE EVID. ANN. art. 506. Louisiana courts have recognized a waiver exception to the privilege when a party places the communication or its contents "at issue" in the litigation. *Succession of Smith v. Kavanaugh, Pierson & Talley*, 513 So.2d 1138, 1146 (La. 1987); *State v. Dominguez*, 52 So.3d 1117, 1119 (La. Ct. of App. 2010). The exception is narrow, applying only to the exact questions "at issue," and does not apply to attorney work product. *Forever Green Athl. Fields, Inc. v. Babcock L. Firm*, Civ. Action No. 11-633-JJB-RLB, 2014 WL 29451, at *7, *10 (M.D. La. Jan. 3, 2014). A court may not consider how badly the other side needs the evidence. *Succession of Smith*, 513 So.2d at 1146.

---

[1] Pursuant to an *en banc* order, every district and magistrate judge in the Western District of Louisiana was recused from the proceeding. (Doc. #672.) The case was reassigned to Judge Truncale and the undersigned. (*Id.*)

Attorney-client communications and facts known to the Port's counsel play a major role in the inquiry before the court.  When the Port moved to vacate both the referral and consent to Judge Kay claiming it only learned of the full breadth of the relationship between Judge Kay and Monk after the written reasons for judgment (doc. #464) were issued on July 31, 2020, it placed these factual inquiries in play.  Moreover, the Port acknowledges that the information was learned and investigated by the Port's counsel, not the Port itself, rendering the information known to the Port's counsel "at issue."

"The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law."  *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  Tracing back to the reign of Elizabeth I, the privilege is meant to "encourage the client to confide fully in his counsel without fear that his disclosures could be used against him by his adversaries." *State v. Green*, 493 So. 2d 1178, 1180 (La. 1986) (quoting *State v. Rankin*, 465 So.2d 679 (La.1985)).  The undersigned's ruling here seeks to strike a fine balance between the sanctity of that attorney-client privilege while also adhering to the Fifth Circuit's order.

Accordingly, the undersigned finds that the Port waived its attorney-client privilege, but only as to the factual inquiry outlined by the Fifth Circuit.  Defense counsels' work product protection has not been waived.  The undersigned, hereby, adopts her rulings from the bench on counsels' privilege logs and orders the production of the specific documents discussed at the hearing.

### III.    IFG's Subpoenas

In addition to her *in camera* review of documents on the various privilege logs, the undersigned made global rulings on the parties' various discovery motions.  In its initial Motion to Quash (doc. #683), to which most of the other motions are simply tangential, the Port asks the

3

court to quash IFG's subpoenas.  Specifically, IFG sent subpoenas for documents to (1) Robichaux, Miz, Wadsack, Richardson & Watson, LLC, (2) Norman Business Law Center, (3) McGlinchey Stafford PLLC, (4) the Long Law Firm, (5) Taylor, Porter, Brooks, & Phillips, LLP, and (6) Stone Pigman Walther Wittman LLC.  (Doc. #683-4 at 8-9, 18-19, 28-29, 38-39, 48-49, 58-59, 94-95). Requests 1 through 11 are identical across all the law firms.

Pursuant to the ruling from the bench, the undersigned orders the following.  Requests 1(a), 1(b), 1(g), and 1(h) are quashed as overbroad, as the proposed search terms would produce many documents that have no relevance to the issue before the court.  For example, request 1(a) asks for all documents that contain or relate to "Magistrate Judge Kay" which could include any document about any case before Judge Kay during the timeframe at issue as opposed to those related to this case and the facts at issue.  Request 2 is quashed, in part, as to documents referencing the case assignment to Judge Minaldi, as that topic is irrelevant to any of the factual inquiries before the court.  Requests 3 and 4 are quashed to the extent that IFG is seeking documents unrelated to the relationship between Judge Kay and Monk.  Request 5 is quashed, in part, as to any documents that solely reflect a lawyer's thought process as such disclosure would violate the work product doctrine, and the documents are generally irrelevant. Request 8 is quashed, in part, as to any documents unrelated to the Port's investigation.  Request 10 is quashed as the documents sought are irrelevant and, therefore, "at issue waiver" has not occurred.  Finally, Request 11 is quashed, in part, as to anything unrelated to the investigation or drafting of the Mize affidavit.  The Motion to Quash (doc. #683) is, therefore, granted in part and denied in part as set forth above.

## IV. IFG's Request for Deposition Compliance

In the Motion to Quash (doc. #683), the Port seeks to quash or at least limit the number and breadth of the depositions requested by IFG.  Louisiana Code of Evidence Article 508 places

4

strict protections on when a party may depose a lawyer about their representation of a client. LA. CODE EVID. ANN. art. 508. The parties must be afforded an opportunity to debate[2] whether attorney-client privilege applies, the necessity of the requested deposition, any reasonable limitations, and other information set forth in the Louisiana Code of Evidence. *Id.* For example, the parties must be heard on the issue of whether "[t]he information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative." LA. CODE EVID. ANN. art. 508(A)(1). Based on her concern for the cumulative nature of the requested depositions, the undersigned granted the Motions to Quash (docs. #683, #694, #711) as to Jonathan Ringo, Michael Rubin, Michael McKay, and Matthew Pettaway but noted IFG may re-urge the issue after taking the other scheduled depositions. The depositions of Matthew Mize and Merrick Norman, may proceed but questions must be limited to the Fifth Circuit's factual inquiry.

V. **Expedited Hearing Request**

Finally, the Port filed a Motion for Expedited Status Conference (doc. #710), asking the court to (1) address the discovery requests contained in the motions addressed in this order, and (2) provide advice on how the Port should address a possible motion from IFG to disqualify the Port's current counsel due to their alleged status as fact witnesses. As the undersigned held a hearing on February 2, 2024, to address the discovery, the Port's first request is denied as moot.

---

[2] A Louisiana state court must offer a "contradictory hearing" before a lawyer is deposed to address the above topics. LA. CODE EVID. ANN. art. 508. Federal courts, however, may satisfy the substance of Article 508 through briefing. *See Le Mons v. Gov. Employs. Ins. Co.*, Civ. Action No. 21-247-SDD-SDJ, 2022 WL 2517188, at *3 (treating oral argument and briefing—without hearing testimony—as sufficient to meet the substance of Article 508); *Utility Constr., Inc. v. Perez*, Civ. Action No. 15-4675, 2016 WL 4429935, at *2 (finding "oral argument and presentation of live testimony are not necessary" to meet Article 508 requirements in federal court); *but see Acadian Diagnostic Labs., LLC v. Quality Toxicology*, Civ. Action 16-00176-JJB-RLB, 2017 WL 9439103, at *2 (implying a full contradictory hearing is required, which seemingly includes testimony). Here, the undersigned entertained briefing and held a hearing on the issues set forth in Article 508.

The Port's second request is denied as there is no pending recusal motion before the court, meaning any ruling on that issue would constitute an advisory opinion.

### VI.  Order

For the foregoing reasons, it is **ORDERED** that the Motions to Quash (docs. #683, #694, #711) are **GRANTED**, in part, and **DENIED**, in part, in accordance with the undersigned's ruling from the bench and this order. It is further **ORDERED** that the Motions to Compel (docs. #690, #691, #696, #700) are **DENIED** as moot, and the Motion for Expedited Status Conference (doc. #710) is **DENIED** as moot as to the Port's request for a hearing and **DENIED** as to the Port's request for an advisory opinion.

**IT IS SO ORDERED.**

**SIGNED this the 7th day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE