UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IFG PORT HOLDINGS LLC            §
                                 §
VERSUS                           §
                                 §          CIVIL ACTION NO. 2:16-CV-00146
                                 §          JUDGE MICHAEL J. TRUNCALE
LAKE CHARLES HARBOR &            §
TERMINAL DISTRICT D/B/A          §
THE PORT OF LAKE CHARLES         §

## ORDER DENYING IFG'S MOTION TO REOPEN DISCOVERY TO OBTAIN FACEBOOK EVIDENCE

Before the Court is Plaintiff IFG Port Holdings LLC ("IFG")'s Motion to Reopen Discovery to Obtain Facebook Evidence. [Dkt. 766]. After engaging in several months of discovery and a four-day long evidentiary hearing, IFG requests that the Court reopen discovery so that it can subpoena Facebook for records regarding Magistrate Judge Kathy Kay's Facebook account. *See* [Dkt. 766-1]. Defendant Lake Charles Harbor and Terminal District doing business as the Port of Lake Charles (the "Port") opposes IFG's Motion. For the following reasons, IFG's Motion is **DENIED**.

## I.    DISCUSSION

Although IFG argues that Federal Rule of Civil Procedure 16(b)(4)'s good cause standard applies, the Court disagrees given that the evidentiary hearing has concluded and in light of Fifth Circuit precedent. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 609 (5th Cir. 2000). The Fifth Circuit has indicated that trial courts evaluating a motion to reopen discovery should consider the following factors: "(1) the importance and probative value of the additional evidence; (2) the reasons for the moving party's failure to introduce the evidence at trial; and (3) the possibility of prejudice to the non-moving party." *Kona*, 225 F.3d at 609 (citing *Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996)); *see also Franklin v. Regions Bank*, No.

5:16-CV-01152, 2022 WL 18671131, at *8 (W.D. La. Oct. 3, 2022) (applying this standard to determine whether additional evidence should be allowed after a bench trial's conclusion). Because this standard is similar to Rule 16(b)(4)'s good cause standard and the vast majority of the parties' briefing remains relevant, the Court is nonetheless prepared to rule. *See Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (stating that courts evaluating good cause under Rule 16(b)(4) look at "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice").[1]

### A.  The Importance and Probative Value of the Evidence

IFG asserts that information from Judge Kay's Facebook account is important and probative because it could demonstrate through Facebook friendships, likes, and comments that individuals associated with the Port had either actual or constructive knowledge[2] of the relationship between Judge Kay and IFG counsel William Monk. It further argues that information from Judge Kay's Facebook account is particularly important given former Port General Counsel Michael Dee's testimony that he was not friends with Judge Kay on Facebook or familiar with her account. The Port argues that this evidence is not important because its alleged importance is based on pure speculation by IFG about Judge Kay's Facebook account data still existing and the shortcomings of Mr. Dee's Facebook friend search.

IFG is correct that one of inquiries identified by the Fifth Circuit is "[w]hen the Port first knew that Magistrate Judge Kay's relationship to Monk extended beyond her employment of

---

[1] To the extent the Court is incorrect and should have applied the Rule 16(b)(4) good cause standard, it notes that it would have ruled the same way on IFG's Motion under that standard for the same reasons discussed throughout this Order. Regarding the fourth factor under Rule 16(b)(4)'s good cause standard, the Court finds that it weighs against reopening discovery because the discovery deadline and evidentiary hearing have passed and a continuance would therefore not cure any prejudice to the Port.

[2] The Court's reference to both actual and constructive knowledge here does not mean it has concluded that constructive knowledge is sufficient for knowing consent. The Court will address this matter in a separate Order.

Monk's daughter as her law clerk." *See IFG Port Holdings v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 421 (5th Cir. 2023). Information from Judge Kay's Facebook account *could* be relevant to that. *See id.* But the Port is correct about this being speculative. The record in its current state also contains ample evidence and witness testimony regarding the timing of the Port's knowledge. Indeed, several of the Port's witnesses were cross-examined at length by IFG's counsel during the evidentiary hearing regarding whether they were Facebook friends with Judge Kay, whether they saw the pictures of Judge Kay and Monk on Facebook, whether they liked any pictures of Judge Kay and Monk, and so forth and so on. IFG also called Judge Kay as a witness and she testified extensively about her Facebook presence and friends. Accordingly, while the Court agrees that information from Judge Kay's Facebook account possibly could be important and probative, it disagrees with IFG's insinuation that such evidence would be a smoking gun. Even so, the Court finds that this factor weighs marginally in favor of reopening discovery.

### B. The Reasons for IFG's Failure to Introduce the Evidence at the Evidentiary Hearing

IFG argues that it was unable to subpoena Facebook for information from Judge Kay's account before the close of discovery and the evidentiary hearing because (1) it expected the Port to either possess or request this information; (2) it unsuccessfully tried to obtain this information through a Facebook lobbyist instead of through a subpoena; and (3) it did not realize that Mr. Dees would testify that he was not Facebook friends with Judge Kay and, in turn, the potential importance of this information. The Port asserts that IFG should not get a second bite at the apple because it knew about the potential importance of this information weeks before contacting the Facebook lobbyist and two months before the close of discovery, giving it plenty of time to subpoena this information, file a motion to compel if needed, and seek a continuance of the evidentiary hearing. It further argues that IFG made the strategic decision to pursue this

information informally rather than through a subpoena and that IFG's failure to obtain it before the close of discovery and evidentiary hearing comes down to a lack of thoroughness.

Given the importance of this matter to both parties, the Court is not sure why IFG sought Judge Kay's Facebook information from a lobbyist rather than through a subpoena or why IFG failed to bring this matter to the Court's attention before the close of discovery or the evidentiary hearing. IFG requested information from the Facebook lobbyist on February 27, 2024, so it was certainly on notice as to the potential importance of this information well before the close of discovery on April 12, 2024 and the scheduled evidentiary hearing on April 22, 2024. Additionally, the Facebook lobbyist still did not have this information when IFG followed up in mid- to late-March, so IFG should have known that it would not have this information in time. IFG had plenty of time to ask the Court for relief, but for whatever reason chose not to do so.

The Court was very accommodating of the parties' discovery efforts and needs, so IFG had no reason to fear that an extension or continuance would not be granted. During the Status Conference on November 16, 2023, the Court repeatedly asked the parties how much time they needed for discovery, and the parties, including IFG, assured the Court that they could complete discovery by March 30, 2024. Additionally, the Court granted IFG's *Ex Parte* Consent Motion to Extend Discovery Cutoff and Establish Pretrial Deadlines and Incorporated Memorandum in Support, which pushed the discovery deadline back to April 12, 2024.[3] [Dkt. 729]. IFG offers no explanation for why it did not file an additional motion to extend discovery or a motion to continue the evidentiary hearing when it realized it could not obtain this information from the Facebook lobbyist in time.

Additionally, the Court asked the parties at the Pretrial Conference and on the first day of the evidentiary hearing whether they were ready to proceed. IFG unequivocally said yes. Notably,

---

[3] Curiously, IFG filed this motion on the same day it contacted Facebook's lobbyist.

although the Facebook evidence and whether it had been subpoenaed was discussed at length during the Pretrial Conference and IFG sought a related spoliation-based adverse inference against the Port,[4] IFG never once mentioned to the Court that it had unsuccessfully sought information regarding Judge Kay's Facebook account from a Facebook lobbyist, that it wanted to subpoena this information after all, or that it wanted to continue the evidentiary hearing so that it could first obtain this information. In fact, the Court explicitly asked both parties if they had had an opportunity to subpoena this information from Facebook and both parties answered in the affirmative. If IFG was not going to file a motion seeking relief, the time for it to speak up was at the Pretrial Conference during these discussions.

IFG also failed to mention that it wanted to subpoena this information at any point during or at the conclusion of the evidentiary hearing. IFG's underlying motion, which was filed two weeks after the evidentiary hearing, was the first time this Court was made aware of IFG's desire. Therefore, there is simply no good reason for IFG's failure to obtain this information or to request relief from the Court before the close of discovery or the evidentiary hearing.

IFG also argues that the Court should grant its Motion because the Court left the record open and indicated that the hearing could be reconvened later on if need be. But IFG takes these statements out of context. Although the Court said it would keep the record open, that statement was cabined to the Court's request for excerpts of the bench trial transcript showing Judge Kay's demeanor. Given the length of the bench trial, the Court—and the parties—did not think the parties could locate and provide those excerpts to the Court before the evidentiary hearing's conclusion.

---

[4] The Court denied IFG's request for an adverse inference based on spoliation because the Port did not control Judge Kay's Facebook page or destroy it—Facebook did. *See Coastal Bridge Co. v. Heatec, Inc.*, 833 F. App'x 565, 574 (5th Cir. 2020) (holding that to warrant an adverse-inference instruction based on spoliation, a party must establish that (1) the party with control over the evidence was obligated to preserve it when it was destroyed; (2) the evidence was destroyed in bad faith; and (3) the destroyed evidence was relevant to a claim or defense to the extent that a reasonable trier of fact could find that it would support that claim or defense).

As a result, the Court gave the parties seven days to file these excerpts. This was hardly an invitation to conduct further discovery. Similarly, the Court's statement that the hearing might have to be left open was conditional. The parties originally told the Court the hearing would last three days, but it became clear throughout the week that more time would be needed, requiring the Court to make arrangements for a fourth day of evidence. Because of continued concerns regarding the pace of witness testimony, at the end of the third day, the Court informed the parties that it had a hard stop on the fourth day at 4:00 P.M. and that if the parties could not get through the remaining testimony by that time, the hearing would have be completed at a later date. The parties completed witness testimony and closing statements on the fourth day, however, eliminating the need to keep the hearing open. Again, this was hardly an invitation for additional discovery.

Accordingly, because IFG has offered no sufficient reason for its failure to obtain this evidence or for its failure to request a continuance of the discovery deadline or evidentiary hearing, the Court finds that this factor weighs in favor of denying IFG's Motion.

### C.  The Possibility of Prejudice to the Port

IFG contends that the Port would not be prejudiced by reopening discovery because the Fifth Circuit did not require the evidentiary hearing to be completed by a specific date and because the Port bears the burden of proof and failed to seek these records. It also seemingly suggests that further delay would not be prejudicial because this case has already been pending for a long time and because it is the Port's fault that it remains pending. The Port, meanwhile, asserts that an additional delay in ruling on the Motion to Vacate would prejudice it because said motion has been pending for nearly four years.

The Court finds that reopening discovery would prejudice the Port. Justice delayed is justice denied. Regardless of how the Court rules on the Motion to Vacate, the parties are entitled to and would be best served by a ruling on the Motion to Vacate sooner than later. Additionally,

reopening discovery is not as simple and speedy as IFG suggests. It is unclear how long subpoenaing information regarding Judge Kay's Facebook account—which may or may not exist—would take. Assuming the information exists, both IFG and the Port would need to review it. And depending on what the information was, both IFG and the Port may wish to requestion witnesses. This could necessitate additional depositions or even reopening the evidentiary hearing so that the Court could better ascertain the credibility of any witness testimony regarding this information. The parties may also wish to update their briefing. The possible ramifications for the Port, IFG, and this Court go on and on. Of course, the Court could simply take the information and look it over independently, giving neither side the opportunity to put the information in context and advocate for their position based on it, but that hardly seems fair since the testimony and arguments made by the Port at the hearing were premised on this information not being evidence.

Although it is true that the Port bears the burden of proof with respect to its Motion to Vacate, it chose to proceed without this information. That is the Port's right. Whether that decision was ultimately wise or unwise and whether the Port carried its burden are questions for a different order. In any case, IFG likewise chose not to subpoena this information and instead to unsuccessfully pursue an adverse inference. It also chose not to file a motion to continue the discovery deadline or the evidentiary hearing. This presumably means that IFG thought it could defeat the Port's Motion to Vacate without it. IFG seems to have changed its mind after the evidentiary hearing and now seeks a Hail Mary. That is hardly fair. Given the existing multi-year delay in a ruling on the Motion to Vacate, the time and resources put into the evidentiary hearing by the Port (and IFG), and the additional time and resources reopening discovery would likely require, the Court finds that the Port would undoubtedly be prejudiced if IFG's Motion were granted.

***

Because two of the three factors weigh against reopening discovery in this matter so that IFG can subpoena information from Facebook regarding Judge Kay's Facebook account, the Court **DENIES** IFG's Motion.

## II.   CONCLUSION

It is therefore **ORDERED** that Plaintiff IFG Port Holdings LLC's Motion to Reopen Discovery to Obtain Facebook Evidence [Dkt. 766] is **DENIED**.

**SIGNED this 26th day of July, 2024.**

*Michael J. Truncale*

Michael J. Truncale
United States District Judge